**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JENNIFER GOTHARD,

        Plaintiff,

        v.                                      Case No: 1:17-cv-13638

COMMISSIONER OF SOCIAL SECURITY,      Hon. Thomas L. Ludington
                                                               Magistrate Judge Patricia T. Morris

        Defendant.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
AFFIRMING THE COMMISSIONER**

On March 4, 2015, Plaintiff applied for Social Security Disability Insurance Benefits ("SSDI" also referred to as "DIB"), alleging a disability onset date of November 1, 2013. Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2015.[1] Tr. at 20. The Commissioner denied her claim. Tr. 55. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which occurred on September 13, 2016, before ALJ Mary S. Connolly. Tr. 33-54, 83-84. The ALJ issued a decision on December 30, 2016, finding Plaintiff not disabled during the relevant period. Tr. 18-28. On September 25, 2017, the Appeals Council denied review, Tr. 1-3, and Plaintiff sought judicial review of that final decision on November 8, 2017. ECF No. 1. The matter was referred to Magistrate Judge Patricia T. Morris.

---

[1] SSDI provides benefits to disabled or blind individuals who are considered "insured" based on their contributions to the Social Security Trust Fund via FICA social security taxes. Supplemental Security Income (SSI), by contrast, provides benefits to disabled, aged, or blind individuals who have limited income and resources. SSI benefits are funded from general tax revenues. https://www.ssa.gov/redbook/eng/overview-disability.htm

ECF No. 3. Plaintiff filed the instant motion for summary judgment on February 28, 2018 (ECF No. 18), and Defendant countered with its own motion on April 19, 2018. ECF No. 21.

On October 10, 2018, Judge Morris issued a report, recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed. ECF No. 27. Plaintiff filed timely objections, and the Commissioner replied. ECF Nos. 28-29. Plaintiff then filed a notice of supplemental authority, to which the Commissioner also replied. ECF Nos. 30-31.

**I.**

Neither party objects to Judge Morris's factual and procedural summary, which is incorporated herein by reference. Notably, at step one, the ALJ found that Plaintiff's last date of insured status was March 31, 2015, and that she had not engaged in substantial gainful activity since her alleged onset date of November 1, 2013. (Tr. 20.) At step two, the ALJ concluded that Plaintiff had one severe mental impairment (bipolar disorder), but no severe physical impairments. (Tr. 20-21.) The ALJ also decided, however, that this impairment did not meet the medical equivalent of a listed impairment at step three. (Tr. 21-22.) Next, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following non-exertional limitations: she was limited to 2- to 3-step work activities; she could not work with the public; she could have only occasional brief superficial interactions with coworkers and supervisors; and she would be off task up to 10 percent of an 8- hour workday. (Tr. 22.) At step four, the ALJ found Plaintiff unable to perform any past relevant work. (Tr. 26.) Finally, at step five, the ALJ determined that jobs exist in significant numbers in the national economy that the claimant could perform. (Tr. 27-28.).

## II.

### A.

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he can demonstrate that he is in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

Corresponding federal regulations outline a five-step sequential process to determine whether an individual qualifies as disabled:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work

experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Courter v. Comm'r of Soc. Sec.*, 479 F. App'x 713, 719 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). Through Step Four, the plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work. At Step Five, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

**B.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the

arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

### III.

Plaintiff raises three objections to the report and recommendation, which will be addressed in turn.

### A.

First, "Plaintiff objects to the Magistrate Judge's conclusion that *Lucia*[2] is not applicable to SAA ALJ's, and that even if *Lucia* is applicable, Plaintiff was required to raise the issue at the administrative level." Obj. at 1, ECF No. 28. Judge Morris did not conclude that *Lucia* was inapplicable. Rather, Judge Morris concluded that the sole argument Plaintiff advanced regarding the applicability of *Lucia* was unpersuasive. Rep & Rec. at 30-31. Plaintiff noted that the Social Security Administration issued an Emergency Message which described the *Lucia* decision and explained that, on July 16, 2018, the Acting Commissioner ratified the appointment of ALJ's and AAJ's and approved their appointments. EM-18003 REV 2 (Aug. 6, 2018), available at https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM.

---

[2] In *Lucia*, the court held that ALJs in the S.E.C. are inferior "officers" of the United States subject to the Appointments Clause, Art. 2, § 2, cl. 2, meaning that they must be appointed by the President, the Courts, or a Head of Department. *Lucia v. S.E.C.*, 138 S.Ct. 2004, 2054 (2018). *Lucia* remanded a case decided by an improperly appointed ALJ to the SEC for another hearing. *Id.*

- 5 -

Plaintiff argued that the Emergency Message constituted an admission by the Social Security Administration that *Lucia* applies and that its ALJ's were unconstitutionally appointed[3]. Judge Morris concluded that nothing in the Emergency Message constituted such an admission. Plaintiff objects to this conclusion by simply reasserting her argument that the Emergency Message constitutes an admission as to the applicability of *Lucia*: "In fact, by accepting that its ALJ's are subject to the Appointments Clause, and by re-appointing its ALJ's in a manner consistent with the Appointments Clause, the Commissioner has taken administrative notice that there is no meaningful distinction between SSA ALJ's and SEC ALJ's." Obj. at 3, ECF No. 28. For the same reasons explained by Judge Morris, the mere fact that the commissioner ratified the ALJ's appointments in response to *Lucia* does not constitute an admission that the appointments prior to the ratification were unconstitutional or that *Lucia*'s decision regarding SEC ALJ's is applicable to SSA ALJ's. Rather, the Commissioner simply took steps to head off future appointments clause challenges, irrespective of whether those future challenges would be meritorious.

Judge Morris also concluded that, even if *Lucia* was applicable to SSA ALJ's, Plaintiff waived her appointments clause challenge by failing to raise it before the ALJ. Plaintiff objects to this conclusion as well. However, because Plaintiff's argument concerning the applicability of *Lucia* has no merit, there is no reason to address Judge Morris's alternative basis for rejecting the appointments clause challenge.[4] Accordingly, Plaintiff's first objection will be overruled.

---

[3] Plaintiff reasons that, if the ALJ's were *not* unconstitutionally appointed, there would have been no need to ratify their appointments.

[4] It is worth noting, however, (as Plaintiff's own notice of supplemental authority indicates), that nearly every court to address the issue in the context of the Social Security Administration ("SSA") has summarily denied the claim without analysis, citing a claimant's forfeiture by failing to first raise the claim before the ALJ. *See, e.g., Garrison v. Berryhill*, 1:17- CV-00302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018); *Iwan v. Comm'r of Soc. Sec.*, No. 17-CV-97, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018); *Holcomb v. Berryhill*, No. 17-1341, 2018 WL 3201869, at *3 n.3 (C.D. Cal. June 21, 2018). (Plaintiff's supplemental authority, of course, took the minority position. *See* ECF No. 30-1, 30-2).

**B.**

Next, Plaintiff "objects to the Magistrate Judge's recommendation that the ALJ properly rejected the opinion of Plaintiff's treating physician because the Magistrate failed to explain why the ALJ's conclusion was supported by substantial evidence." Obj. at 7. Specifically, Plaintiff argues that, although Judge Morris noted that "mental status examinations were routinely normal," she did not explain why she discounted Plaintiff's alternatively anxious, dysphoric, or depressed mood.

To the contrary, Judge Morris did not disregard the importance of Plaintiff's anxious, dysphoric, or depressed mood. Rather, she acknowledged the importance of mood as measuring "the more sustained emotional makeup of the patient's personality." Rep. at 24. Judge Morris explained that, notwithstanding that Plaintiff presented with alternatively anxious, dysphoric, or depressed mood on some occasions, her mental status examinations were routinely normal, including findings of a normal mood in many. *Id.* (citing (Tr. 256, 260-61, 264-65, 266- 67, 269-70, 273-74, 277-78, 280-81, 282-83, 350-51, 354-55, 359, 363-64, 366-67, 370- 71, 376-77, 380-81, 385-86, 389-90, 397-98, 393-94, 400-01, 402-03, 404-05, 406-07, 410-11, 414-15, 417-18). Judge Morris further explained that, despite Plaintiff's issues with mood, "normal findings on other measures such as the patient's proper mental orientation, memory, and communication, have been found significant when upholding an ALJ's assessment that a medical opinion is not well supported." *Id.* at 25. In sum, Judge Morris fully explained why, despite Plaintiff's anxious/dysphoric/depressed mood, the ALJ nevertheless properly analyzed Dr. Harris's opinion evidence.

Plaintiff also argues as follows:

Perhaps more importantly, the Magistrate failed to explain why the ALJ's residual functional capacity assessment was itself supported by substantial evidence. The

> Magistrate explained why she believed that the ALJ properly discounted the opinion of Plaintiff's treating physician, but nowhere in the record, or in the Magistrate's recommendation, is there any evidentiary support for the ALJ's actual residual functional capacity determination.

Obj. at 8. In other words, Judge Morris focused her analysis on the weight of the treating physician's opinion at the expense of the RFC determination. The reason Judge Morris's analysis proceeded in that fashion is because that is the manner in which Plaintiff presented her arguments in her summary judgment briefing. If Plaintiff wanted Judge Morris to focus on the propriety of the ALJ's RFC determination, Plaintiff should have focused her arguments accordingly rather than addressing other peripheral issues. Plaintiff cannot redirect the discussion at this stage of the proceedings. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Accordingly, Plaintiff's second objection will be overruled.

### C.

Finally, "Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly consider Plaintiff's physical impairments, where the ALJ found she could perform the full range of work at all exertion levels." Obj. at 10. After acknowledging that Judge Morris appropriately identified Plaintiff's arguments, Plaintiff simply takes issue with Judge Morris's conclusion:

> The Magistrate correctly notes that Plaintiff does not challenge the ALJ's failure to classify the impairment as severe, but rather, the failure to account for any exertional limitations resulting from Plaintiff's back condition. *See Smith-Marker v. Astrue*, 839 F.Supp. 2d 974, 983 (6th Cir. 2012) ("ALJ must consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity to render the claimant disabled.").
>
> The evidence supporting Plaintiff's physical impairments is sufficient to establish exertional limitations. The ALJ's decision finds that Plaintiff can perform the full range of work at all exertional levels. This is untenable in the face of evidence

> supporting limitations resulting from back pain. [ECF # 27 at 27] (Pharmaceutical records corroborate Plaintiff's testimony that she treated with narcotic pain medication). This leaves the ALJ's RFC assessment unsupported by substantial evidence, which undermines the denial of benefits at step five of the process. See Walters v. Commissioner of Social Security, 127 F.3d 525, 529 (6th Cir. 1997) (at step five, the burden of proof to establish that the claimant can perform other work shifts to the Commissioner).

Obj. at 11. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The only non-conclusory aspect of this objection is Plaintiff's contention that the evidence of her back pain should have altered the RFC assessment. The only evidence Plaintiff identifies, however, regarding her back condition is the pharmaceutical records of her narcotic treatment. Judge Morris discussed these pharmaceutical records and explained that "narcotics are prescribed for various conditions . . . and no record evidence (aside from Plaintiff's uncorroborated testimony) indicates that the diagnosis was for back pain or any particular malady." Rep. at 27. The pharmaceutical records do not support Plaintiff's contention that she suffered debilitating back pain. Accordingly, Plaintiff's third objection will be overruled.

**IV**.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 28, are **OVERRULED**.

It is further **ORDERED** that Judge Morris's report and recommendation, ECF No. 27, is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 18, is **DENIED.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 21, is **GRANTED.**

It is further **ORDERED** that the decision of the Commissioner of Social Security's is **AFFIRMED.**

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: January 31, 2019